IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOMMY LEE MOSLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-086 |
| | ) | |
| | ) | |
| JASON MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Wheeler Correctional Facility ("WCF") in Alamo, Georgia. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

In his complaint, Plaintiff names the following Defendants: (1) Jason Medlin, Warden; (2) FNUK Sikes, Facility Investigator; (3) Latasha Harris, Chief of Security; (4) Eric Bryant, Assistant Chief of Security; (5) Lt. McLinn, OIC Segregation; (6) Robin Cope, Chief of Unit Mgmt.; (7) Glenn Rich, Assistant Warden; (8) Mr. Wright, Unit 600; (9) George Hardy, inmate; and (10) Sandra Partaine, Prison Rape Elimination Act

("PREA") Coordinator. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must when screening his complaint, the facts are as follows.

On April 16, 2012, at approximately 5:20 a.m., Plaintiff was sexually assaulted in his cell by Defendant Hardy. (Id. at 5.) Plaintiff reported the assault to the "PREA Hotline" three times, and reported the assault within the prison to a floor officer at 6:15 a.m., and to the head counselor, Mr. Richardson, who is not named as a defendant, at 12:30 p.m. (Id.) Plaintiff was then taken from his dorm and placed in a shower for two hours. (Id.) Plaintiff asked to be brought to medical at this time because he "had suffered some anal contusion [sic] in the assault," but Officer Ricks, who is not named as a defendant, denied his request "with very derrogatory [sic] statements." (Id.) He was then placed in segregation with another inmate and Officer Ricks denied his requests for two statement forms, two medical requests, two inmate requests, and two grievances. (Id. at 6.)

A week later, Defendant Sikes, the one-site investigator, met with Plaintiff in segregation. Plaintiff was "totally ignored" and Defendant Sikes "instead made reference and accusation to [his] sexual preference" and told Plaintiff that his reporting of the allegations were "foolish" and "just chain-gang." (Id.) Plaintiff was then reprimanded and "threatened with indefinite lock-down." (Id.) Defendant Sikes told Plaintiff he was sent by Defendant Medlin to stop Plaintiff's previous calls to the Department of Corrections. (Id.) Plaintiff requested medical attention from Defendant Sikes, who told Plaintiff to "fill out a sick call." (Id. at 6-7.) Plaintiff states he remained in segregation for approximately five-and-a-half to six weeks with no medical treatment or further

2

interviews regarding his allegations. (Id. at 7.) While in segregation at WCF, Plaintiff had to defend himself against another assault by another inmate, who was not supposed to be in Plaintiff's cell by protocol. (Id. at 12.)

Plaintiff was denied use of the phones to call the "PREA Hotline" after his initial meeting with Defendant Sikes, but he was able to place three calls through the hotline before this meeting, as noted above. (Id. at 9.) Defendant Medlin purportedly told Defendant McLinn "that under no circumstances" was Plaintiff to be allowed to use the phones unless it had "gone through" Defendant Sikes. (Id. at 9.) Defendant Harris purportedly knew about Plaintiff's denial of phone use, but did nothing. (Id.)

Plaintiff met with Defendant Medlin on May 8, 2012, the day before the prison was audited, and he told Defendant Medlin that he had been sexually assaulted, had not been given proper medical attention, and the situation had not been handled according to protocol. (Id. at 9-10.) Plaintiff showed Defendant Medlin several letters from Defendant Hardy admitting to the assault and asking Plaintiff not to pursue charges against him. (Id. at 8, 10.) Defendants Medlin and Bryant, as well as two other unit managers, confirmed that Defendant Hardy wrote the letters "by handwriting analysis." (Id. at 8, 10.) Defendants Medlin and Bryant determined that Defendant Hardy was guilty of Plaintiff's alleged sexual assault, but Hardy was allowed to "go free back into population" while Plaintiff was kept in segregation. (Id. at 10.)

Plaintiff was "placed on immediate transfer" to a "disciplinary facility (Calhoun State Prison)" in retaliation for his "repeated and determined efforts to have justice done." (Id. at 10-11.) He was then transferred and given medical treatment for injuries that had mostly healed by then. (Id. at 11.) He was then transferred to a third facility for

3

the "mental health condition derived from the . . . failed protection of law enforcement."
(Id. at 11-12.) Plaintiff is under heavy medication currently and undergoes counseling at his new facility. (Id. at 12.)

Plaintiff states he was denied due process in the grievance process and in the lack of a full investigation of his allegations. (Id. at 7.) Plaintiff filed three grievances, two of which were denied and returned "with refusal for formal processing or appeal," and one which was never returned or answered. (Id.) His requests to speak with members of the "PREA Team," Defendant Medlin, Defendant Harris, and "State Monitor" were denied. (Id.) Plaintiff showed the self-incriminating letters from Defendant Hardy to several staff members before his meeting with Defendant Medlin on May 8, 2012, including Defendants Cope, Rich, and McLinn. (Id.) Plaintiff first states these letters were never part of the investigation of his allegations and never given to PREA Coordinator Karen Jeff, who is not named as a defendant. (Id.) But then in direct contrast, he also states the letters were, in fact, made a part of the investigation which culminated in a final report concluding that video footage did not substantiate Plaintiff's allegations. (Id.) Plaintiff alleges these letters, and the purported verification that Defendant Hardy is the author, prove that the investigation had been "fabricated" to cover up the incident, "avoid a visit from internal affairs" and cover up the staff's violation of "protocol, the law, and [Plaintiff's] rights to due process and equal protection." (Id. at 9.)

In August 2012, PREA Coordinator Jeff filed a report with the Ombudsman Unit of Internal Affairs for the Georgia Department of Corrections that contained Plaintiff's allegations and the investigation's findings, which Plaintiff says are "false." (Id. at 10-

4

11.)  Plaintiff also made his allegations to new PREA Coordinator, Defendant Partaine, but the Georgia Department of Corrections has ignored him.  (Id. at 11.)

Plaintiff concludes that all defendants acted with "gross indifference" and "callous and reckless disregard" for his rights, safety, health, security, and the law.  (Id. at 13.)  Plaintiff requests compensatory, punitive, and nominal damages.  (Id. at 15.)

In his response to the Court's order to pay the initial filing fee, submitted well after his amended complaint, as an apparent afterthought and in a postscript instead of by formal amendment, Plaintiff attempts to add Corrections Corporation of America ("CCA") "to the defendant list," but asserts no allegations against it.  (Doc. no. 8.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Hardy.

Plaintiff alleges that George Hardy, a fellow inmate, violated his federal rights. To establish a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured under the Constitution or federal law, and that such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

A private person is only viewed as acting under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Plaintiff has failed to allege any such nexus, and thus his federal claim against Hardy must be dismissed. See Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan. 7, 2008) (dismissing § 1983 claim against a fellow inmate where no nexus alleged between State and challenged action). Because Plaintiff has not alleged any other claims against Defendant Hardy, he should be dismissed from this action.

### 3. Plaintiff Has Not Properly Added CCA As a Defendant and Does Not Allege Any Claim Against It.

Here, Plaintiff attempted to add CCA "to the defendant list" in a filing separate from his amended complaint. (Doc. no. 8.) However, a plaintiff may not amend his complaint in a piecemeal manner by simply amending sections of his complaint or by submitting separate filings. See Holland v. Burnette, No. CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Additionally, even if the Court were to entertain this improper, piecemeal amendment, the Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Here, Plaintiff did not include any allegations against CCA in his separate filing. (See doc. nos. 1, 8.) Therefore, even if CCA

7

were added to the "list of defendants," the Court is left with a defendant whom Plaintiff has failed to make any allegations against. See Douglas, 535 F.3d at 1321-22. Therefore, Plaintiff has not properly added CCA as a defendant and has failed to allege any claims against it.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference to His Safety Against Any Defendant.

Plaintiff's allegation that all Defendants failed to protect him against the purported sexual assault and attempted sexual assault once he was in a segregation cell fails to state a claim. (Doc. no. 1, p. 12.) A prison inmate has a constitutional right to be protected from violence and assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). An Eighth Amendment violation for deliberate indifference to safety occurs when (1) there exists a substantial, particularized threat or fear of serious harm, (2) of which a defendant is subjectively aware, and (3) the defendant does not respond reasonably to the risk. Rodriguez v. Sec'y for the Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (*per curiam*). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). Before a prison official's failure to act can constitute deliberate indifference, "[t]he known risk of injury must be a strong likelihood, rather than a mere possibility." Brown, 894 F.2d at 1537.

Here, Plaintiff fails to satisfy any prong to show that any defendant was deliberately indifferent to his safety. Plaintiff fails to identify any "particularized threat or fear," before the alleged sexual assault or attempted sexual assault occurred, much less

that any defendants were subjectively aware of such a threat or fear. Rodriguez, 508 F.3d at 617; Carter, 352 F.3d at 1350. Moreover, as discussed in more detail below in § I.B.6, a mere violation of protocol is not a constitutional violation. Accordingly, Plaintiff fails to state a claim for deliberate indifference to safety.

> **5. Plaintiff Fails to State a Claim for Deliberate Indifference to His Serious Medical Needs Against Any Defendant.**

Plaintiff's allegation that all Defendants acted with "gross indifference and callouse [sic] and reckless disregard" of his health fails to state a claim. To state an Eighth Amendment claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical

9

treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Here, Plaintiff fails to state a claim for deliberate indifference. First, the only defendants whom Plaintiff requested medical attention from, and therefore the only defendants who could have been subjectively aware of a purported serious risk to Plaintiff's health, are Defendant Sikes and Medlin. Indeed, Plaintiff has not sued Officer Ricks, the official who allegedly denied his request for medical care immediately after the alleged assault and placed him in segregation instead. Plaintiff cannot satisfy the second prong of the test because he does not allege that Defendant Sikes, whom Plaintiff states is the facility investigator, or Defendant Medlin made any decision about his medical care. Nor did Defendant Sikes follow a course of action that constituted more than mere negligence, as he, in fact, told Plaintiff to fill out a form so that he could request medical care. Goebert, 510 F.3d at 1326. Plaintiff does not allege that Defendant Sikes ever submitted this form, or that he played any other role in the purported denial of medical care.

Additionally, while Plaintiff alleged that he received no treatment for his anal contusions five-and-a-half to six weeks after the incident, (doc. no. 1, pp. 5, 7), he does not allege that this delay in treatment resulted in additional or exacerbated injuries. Indeed, Plaintiff states that after he was transferred he was "given aide [sic] for injuries which had all but minor stents [sic] been healed." (Id. at 11.) For all of these reasons, Plaintiff fails to state a claim for deliberate indifference to his serious medical needs against any defendant. Goebert, 510 F.3d at 1326.

### 6. Plaintiff Fails to State a Claim Based on Grievance Procedures, Inadequate Investigation, or Violation of PREA Protocol.

The Court also finds that Plaintiff's complaint fails to state a claim against any defendant based on his allegations concerning grievance procedures or alleged violations of prison protocol. Plaintiff alleges that he was denied due process in the grievance

11

process because some of his grievances were either never answered or denied. (Doc. no. 1, p. 7.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding interference with his ability to file grievances or with the processing of his grievances fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

Similarly, Plaintiff fails to state a claim that any defendant violated PREA protocol and therefore his due process rights by inadequately investigating his allegations of sexual assault and only allowing him to call the PREA Hotline if first approved by Defendant Sikes. PREA seeks to compile data and statistics concerning incidences of prison rape and to adopt standards to combat the same, and "does not confer upon Plaintiff any extra rights outside of the normal prison grievance system." Jones v. Medlin, CV 312-040, 2012 WL 5025309, at *6 (S.D. Ga. Sept. 10, 2012) *report and recommendation adopted*, CV 312-040, 2012 WL 4961683 (S.D. Ga. Oct. 16, 2012); see generally 42 U.S.C. §§ 15601–15609; see also Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates").

Furthermore, it appears Plaintiff is more upset about the outcome of the investigation rather than whether one actually occurred. Indeed, Plaintiff states that (1) he reported the assault to the Department of Corrections through the PREA Hotline on the day of the incident three times, (doc. no. 1, p. 5), (2) he made a verbal and written statement of the assault to the head counselor, (id.), (3) the letters from Defendant Hardy were shown to and copied by Defendants Medlin, Cope, McLinn, and Bryant before cameras were reviewed for the alleged assault, (id. at 7-10, 12), (4) the camera footage failed to substantiate Plaintiff's allegations, (id. at 12), and (5) a report containing Plaintiff's allegations was filed in August 2012 to the Ombudsman Unit of Internal Affairs of the Georgia Department of Corrections, (id. at 12-13).

In sum, Plaintiff fails to state a claim against Defendants for violation of due process based on his allegations about grievance procedures, inadequate investigation, and violation of PREA protocol.

### 7. Plaintiff Fails to State a Claim for Conspiracy.

Plaintiff's allegation that all Defendants conspired to cover up the purported sexual assault also fails to state a claim. (Doc. no. 1, p. 5.) An attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. S. Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the

plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Bd. of Cnty. Comm'rs of Alachua County, 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving any defendants, may have been reached to violate Plaintiff's rights. Indeed, Plaintiff's bare allegation of a purported conspiracy belies his own description of the investigation that did occur. Accordingly, Plaintiff has failed to state a viable conspiracy claim against any defendant.

### 8. Plaintiff Fails to State a Claim for Monetary Damages Against Defendants in Their Official Capacities.

Plaintiff specified that he is proceeding against Defendants Medlin, Sikes, Harris, Bryant, McLinn, Cope, Rich, Wright, and Partaine in both their individual and official capacities and seeks an award of monetary damages. (See doc. no. 1, pp. 1, 4.) However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims for monetary relief against these Defendants fail as a matter of law, and they should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS DISMISSAL** for failure to state a claim upon which relief can be granted of Plaintiff's claims based on deliberate indifference to safety, deliberate indifference to serious medical needs, grievance procedures, inadequate investigation, violation of PREA protocol, conspiracy, all claims against Defendant Hardy, and all claims for monetary damages against all Defendants in their official capacities. The Court also **REPORTS**

and **RECOMMENDS DISMISSAL** from this case of Defendants Harris, Bryant, McLinn, Cope, Rich, Wright, Hardy, and Partaine.[1]

SO REPORTED and RECOMMENDED this 27th day of May, 2014, at Augusta, Georgia.

```
                                    /s/ Brian K. Epps
                                    _____
                                    BRIAN K. EPPS
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA
```

---

[1] In a simultaneously issued Order, the Court is allowing Plaintiff to proceed with his retaliation claims against Defendants Medlin and Sikes.