ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JUL -7 P 4: 22

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOMMY LEE MOSLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-086 |
| | ) | |
| JASON MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

*Pro se* Plaintiff, who is currently incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* ("IFP"), the Court screened his amended complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A. In a Report and Recommendation ("R&R") issued on May 27, 2014, the Magistrate Judge recommended dismissal for failure to state a claim upon which relief can be granted of Plaintiff's claims based on deliberate indifference to safety, deliberate indifference to serious medical needs, grievance procedures, inadequate investigation, violation of PREA protocol, and conspiracy. (See doc. no. 9.) The Magistrate Judge also recommended dismissal of all claims against Defendant George Hardy, and all claims for monetary damages against all Defendants in their official capacities. (Id.) The Magistrate Judge also found that Plaintiff had improperly attempted to add Corrections Corporation of America ("CCA")

"to the defendant list" in a filing separate from his amended complaint and had failed to allege any claims against it. (Id. at 7.) In a simultaneously-issued Order, the Court found that Plaintiff had arguably stated viable First Amendment claims against Defendants Jason Medlin and FNUK Sikes. (See doc. no. 10.)

In response to the Court's R&R, and in lieu of objections, Plaintiff requests leave to file an amended complaint in which he wishes to add CCA as a party. (Doc. no. 12.) Specifically, Plaintiff alleges that CCA is "the institution where the named defendants are employed" and should be held liable for these incidents as well as its employees. (Id. at 1-2.) Plaintiff alleges that CCA has shown callous indifference to the rights of inmates and has a "long, standing [sic], and proven record and past of the same conduct and actions in cases of sexual assault." (Id. at 2.)

While leave to amend should ordinarily be given freely, the court may deny leave for reasons such as "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, and futility of amendment." See Carvel v. Godley, 404 F. App'x 359, 361 (11th Cir. 2010) (*per curiam*). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*)).

2

Here, Plaintiff's new allegations fail to state a claim against CCA in its role as employer of the other Defendants. Prison contractors are state actors that are subject to suit under § 1983. See Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). However, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory); Nesmith v. Corr. Corp. of Am., No. CIVA CV507-043, 2007 WL 2453584, at *2 (S.D. Ga. Aug. 23, 2007) (holding that CCA, as private contractor who runs prison, cannot be held liable under § 1983 on *respondeat superior* or vicarious liability basis).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold an employer such as CCA liable, Plaintiff must demonstrate that either (1) CCA actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of CCA and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that Defendant CCA actually participated in any purported constitutional violation.

Similarly, Plaintiff fails to allege a causal connection between Defendant CCA and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401

(11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).

The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has not made the necessary showing of a causal connection here. Plaintiff vaguely alleges that Defendant CCA has a "long, standing [sic], and proven record and past of the same conduct and actions in cases of sexual assault," but fails to offer any specific facts to establish that such a track record exists or that this same conduct has occurred previously. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint is insufficient if it "offers labels and conclusions or a formulaic recitation of the elements of a cause of action," or if it "tenders naked assertions devoid

of further factual enhancement.") (internal quotation marks omitted). Indeed, Plaintiff bases this assertion solely on his own alleged incident and offers no other allegations of "mishandled" sexual assaults occurring at WCF or any other facilities operated by CCA.

Also, Plaintiff has not alleged an improper custom or policy, or that CCA directed its subordinates to act unlawfully or knew they would act unlawfully and failed to stop them from doing so. Thus, Plaintiff has failed to allege any facts that would result in liability for CCA. Hartley, 193 F.3d at 1269; Kruger 164 F. Supp.2d at 1333-34; Nesmith, No. CIVA CV507-043, 2007 WL 2453584, at *2. Because Plaintiff's allegations in his proposed amendment fail to state a claim against CCA, the proposed amendment is futile and the Court therefore **DENIES** Plaintiff's motion to amend. (Doc. no. 12.)

The Court **ADOPTS** the R&R of the Magistrate Judge as its opinion and **DISMISSES** (1) Plaintiff's claims based on deliberate indifference to safety, deliberate indifference to serious medical needs, grievance procedures, inadequate investigation, violation of PREA protocol, and conspiracy; (2) all claims against Defendant Hardy; and (3) all claims for monetary damages against all Defendants in their official capacities.

SO ORDERED this 7th day of July, 2014, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE