ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JAN -7 PM 3:49
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| TOMMY LEE MOSLEY, JR., | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. |
| | * CV 313-086 |
| JASON MEDLIN, Warden, and | * |
| FNUK SIKES, Facility Investigator, | * |
| Defendants. | * |

# O R D E R

On May 27, 2014, the United States Magistrate Judge screened Plaintiff's complaint under 28 U.S.C. § 1915. The case arises out of an alleged sexual assault against Plaintiff Tommy Lee Mosley, Jr. at the Wheeler Correctional Facility in Alamo, Georgia, on April 16, 2012. On May 27, 2014, the Magistrate Judge issued a Report and Recommendation through which he recommended that Plaintiff's claims under 42 U.S.C. § 1983 for deliberate indifference and due process violations be dismissed for failure to state a claim upon which relief can be granted. (See Doc. No. 9.) The Magistrate Judge also recommended the dismissal of all claims for monetary damages against Defendants in their official capacities. This Court adopted the Report and Recommendation as its own opinion on

July 7, 2014.[1] (Doc. No. 15.)

In a simultaneously issued Order, the Magistrate Judge found that Plaintiff had arguably stated viable First Amendment retaliatory claims against Defendants Jason Medlin and FNUK Sikes. In particular, he found that Plaintiff may have been placed in segregation for 5½ to 6 weeks after Defendant Sikes threatened Plaintiff with "indefinite lockdown" if Plaintiff continued to report his allegations of sexual assault and that Plaintiff may have been transferred to "a disciplinary facility" after meeting with Defendant Medlin about his allegations. (See Doc. No. 11, at 5-6.)

Subsequently, Defendants filed a "Motion in Limine," seeking to prohibit Plaintiff from mentioning or claiming damages other than nominal damages at trial in prosecuting his First Amendment retaliation claims because he had not pled and could not prove any physical injury resulting from said retaliation. On October 21, 2014, the Magistrate Judge granted the motion in limine upon a finding that "Plaintiff ha[d] not alleged that he suffered any physical injury as a result of either Defendant Sikes assigning him to segregation or Defendant Medlin transferring him to a disciplinary facility, which are the only claims remaining in the case."

---

[1] Plaintiff did not file objections to the May 27, 2014 Report and Recommendation, but rather he filed a motion to add a defendant.

(Doc. No. 29, at 4.)

On December 5, 2014, Plaintiff filed a Notice of Appeal to this Court, seeking reversal of the Magistrate Judge's ruling prohibiting the introduction of evidence concerning damages other than nominal damages.[2] The Court will review the issue now.

In the Order of October 21, 2014, the Magistrate Judge correctly noted that a prisoner cannot prosecute a claim for emotional or mental injury unaccompanied by allegations of physical injuries that are greater than *de minimis*. (Doc. No. 29, at 3-4.) Thus, in order to get compensatory damages or punitive damages on the remaining First Amendment claims, Plaintiff must have alleged a physical injury that is greater than *de minimis* caused by the infringement of his rights. Upon examining the complaint, the Magistrate Judge determined that Plaintiff failed to do so. (Id. at 4-5.) Accordingly, the Magistrate Judge ruled that Plaintiff cannot recover damages other than nominal damages. (Id. at 5.)

The ruling of the Magistrate Judge on the issue of damages is a dispositive ruling. Thus, under Federal Rule of Civil Procedure 72, it would have been more appropriate to

---

[2] Plaintiff also filed a motion for reconsideration of this same issue on December 15, 2014. For the reasons stated herein, the motion for reconsideration (doc. no. 35) is **DENIED**.

3

have issued this ruling in a Report and Recommendation subject to this Court's *de novo* review. Accordingly, the Court will consider the October 21, 2014 Order respecting the damages issue as a Report and Recommendation, and Plaintiff's notice of appeal therefrom, which is coherently and thoroughly written, will be considered Plaintiff's objections.

In resolving Plaintiff's objections to the Magistrate Judge's disposition of the damages issue, this Court "may accept, reject, or modify the recommended disposition" upon a *de novo* review of the matter. Fed. R. Civ. P. 72(b)(3). Under a *de novo* review, this Court's examination of legal conclusions and of any objected to factual findings must be independent of the Magistrate Judge's determination. See Textron Fin. Corp. v. RV Having Fun Yet, Inc., 2010 WL 1038503 (M.D. Fla. Mar. 18, 2010) (cited sources omitted).

In his objections, Plaintiff stresses that he was unable to show his physical injuries because he was denied due process. He insists that Defendants did not follow proper protocol in addressing his alleged sexual assault. Plaintiff argues that if Defendants are able to avoid paying damages, they will get away with their due process violations. In particular, Plaintiff iterates in his objections that Defendants failed to protect him or help him obtain medical services.

4

In a § 1983 case, a plaintiff may recover damages for monetary loss, physical pain and suffering, mental and emotional distress, impairment of reputation, and personal humiliation. See Slicker v. Jackson, 215 F.3d 1225, 1231 (11th Cir. 2000). However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has held that the "physical injury" must be greater than *de minimis*. Williams v. Brown, 347 F. Appx. 429, 436 (11th Cir. 2009) (citation omitted). In determining whether Plaintiff has pled a physical injury greater than *de minimis*, the Court looks to the Complaint.

In his complaint, Plaintiff alleges that after he was sexually assaulted, he was placed in a shower for two hours and was not allowed medical treatment for the "anal contusion" he suffered in the assault. (Compl. at 5.) Plaintiff was then placed in a segregated cell (although with another inmate). (Id. at 5-6.) There are no allegations that either Defendant Sikes or Medlin was involved in the initial segregation. One week after the assault, Plaintiff alleges that he met with Defendant Sikes, but Defendant Sikes refused to discuss the assault; rather, Defendant Sikes reprimanded

5

and threatened Plaintiff with "indefinite lockdown." (Id. at 6.) When Plaintiff asked Defendant Sikes for medical attention, he was told to fill out a sick call form. (Id. at 6-7.) Plaintiff was then left in segregation for 5½ to 6 weeks until he was transferred to another facility by Defendant Medlin. (Id. at 10-11.) After the transfer, Plaintiff received unspecified medical treatment "and given aide (sic) for injuries which had all but [indecipherable] been heeled (sic)." (Id. at 11.) Plaintiff does not allege that any delay in treatment exacerbated or caused any injury.[3] As stated, the only mention of a *physical* injury is the one reference to an "anal contusion." Plaintiff does allege that he experienced mental suffering including post-traumatic stress disorder after the assault. (Id. at 12.)

The Court first notes that it is doubtful that an anal contusion constitutes more than *de minimis* physical injury as required under 42 U.S.C. § 1997e(e). See generally Parker v. Dubose, 2013 WL 4735173 (N.D. Fla. Sept. 3, 2013) (describing more egregious injuries that do not amount to more than *de minimis* injury); see also Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. Appx. 555, 557 n.3 (11th Cir. 2014) (describing an approach of asking whether the injury would require a free

---

[3] To the contrary, Plaintiff alleges that he received unspecified medical treatment upon the transfer initiated by Defendant Medlin.

world person to visit an emergency room or doctor) (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks.")). In this case, Plaintiff alleges only a contusion that was healed by the time he was transferred to another facility. Accordingly, Plaintiff's "physical injury" may not be considered greater than *de minimis*.

Aside from the issue of whether the anal contusion constitutes more than a *de minimis* physical injury, Plaintiff has a more significant problem with his case. The only claims remaining in the case are the First Amendment retaliation claims against Defendants Sikes and Medlin.[4] In the context of these claims, Plaintiff does not allege that any physical injury was caused by the retaliatory acts of segregation and transfer. And, to the extent that medical treatment to Plaintiff's anal contusion was delayed by the alleged retaliation, his failure to allege that the delay exacerbated his injury or caused additional injury is fatal to his damages

---

[4] To the extent that Plaintiff's objections and motion for reconsideration harp on alleged due process violations and the failure to keep him safe, Plaintiff is reminded that these claims have been properly dismissed for failure to state a claim.

claim. In short, Plaintiff's claims of mental anguish and suffering and punitive damages are barred by his failure to plead that either Defendant Sikes' or Defendant Medlin's retaliatory conduct caused or exacerbated a physical injury greater than *de minimis*. For this reason, and upon an independent *de novo* review, the Magistrate Judge's Report and Recommendation of October 21, 2014 is adopted as the opinion of this Court, and Defendants' motion in limine is **GRANTED**.

Upon the foregoing, the Clerk is **DIRECTED** to note the following in the record: any appeal of the Order of October 21, 2014, is **TERMINATED**;[5] Plaintiff's motion for reconsideration is **DENIED**; and Defendants' motion in limine to preclude the introduction of evidence pertaining to damages other than nominal damages is **GRANTED**.

**ORDER ENTERED** at Augusta, Georgia, this ___ day of January, 2015.

UNITED STATES DISTRICT JUDGE

---

[5] In the Notice of Appeal, Plaintiff mentions the Magistrate Judge's decision to moot his motion "in regards relief requested to settle and satisfy civil action," which includes a settlement demand. Because the Court does not involve itself with settlement negotiations, the motion was properly mooted. Any "appeal" therefrom is manifestly without merit and will not be considered any further.

8